**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SIERRA, an individual , on behalf of himself, and on behalf of all persons similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> OAKLEY SALES CORPORATION, <br><br> Defendant - Appellee. | No. 13-55891 <br><br> D.C. No. 8:13-cv-00319-AG-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 3, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[**] Senior
District Judge.

Jose Sierra appeals the district court's Order dismissing his California

Private Attorney General Act (PAGA) claim and granting a Motion to Compel

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Joan Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Arbitration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand to the district court for further proceedings.

The central issue in this appeal turns on whether the Federal Arbitration Act (FAA) preempts the California rule that "an employee's right to bring a PAGA action is unwaivable." *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 148 (Cal. 2014). Our recent decision in *Sakkab v. Luxottica Retail North America, Inc.* held that "the FAA does not preempt the *Iskanian* rule." 803 F.3d 425, 429 (9th Cir. 2015). Therefore, the *Iskanian* rule applies to the arbitration agreement between Sierra and Oakley Sales Corporation and Sierra's waiver of his right to bring a representative PAGA action is unenforceable.

Oakley's contention that the FAA requires enforcement of Sierra's waiver in the arbitration agreement is foreclosed in light of our decision in *Sakkab*. Although courts must generally enforce arbitration agreements according to their terms, *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989), the FAA permits arbitration agreements to be declared unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2. "[T]he *Iskanian* rule is a 'generally applicable' contract defense that may be preserved by § 2's saving clause, provided it does not conflict with the FAA's purposes." *Sakkab*, 803 F.3d at 433. The *Iskanian* rule "does not conflict" with the objectives of the FAA and is not preempted. *Id.*

An arbitration agreement is not per se unconscionable, and, in this arbitration agreement, the offending clause waiving representative claims appears to be severable from the rest of the agreement. The agreement provides:

> If any provision . . . of the Dispute Resolution Agreement is held illegal, invalid or unenforceable in any respect, Oakley and the Employee agree that such provision . . . shall be deemed to be modified only as necessary to permit its enforcement to the maximum extent permitted by applicable law (except that Oakley does not agree under any circumstances to a modification of the Dispute Resolution Agreement to permit a class or collective action to be adjudicated in the arbitration forum in any case brought as a class or collective action.) In this event, the remainder of the Dispute Resolution Agreement shall not be affected thereby.

Accordingly, we reverse the district court's order dismissing Sierra's First Amended Complaint and remand to the district court to decide where Sierra's representative PAGA claims should be resolved.[1] *See id.* at 440 (remanding to the district court to determine whether representative PAGA claims should be arbitrated or litigated).

**REVERSED and REMANDED**.

---

[1] We note that the arbitration agreement states that "Oakley expressly does not agree to arbitrate any claim on a class or collective basis." Nonetheless, it is not forbidden from doing so.